UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FREDERICK A. MILLS,

    Petitioner,

v.                                          Case No. 1:15cv226/WTH/CJK

JULIE JONES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the court upon petitioner's amended petition (doc. 6), respondent's response (doc. 16), and relevant portions of the state court record (doc. 16). Respondent seeks dismissal of the petition as time-barred. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On June 13, 2011, petitioner was charged in Levy County Circuit Court Case No. 2011-CF-0378, with possession of methamphetamine (Count I) and possession of drug paraphernalia (Count II). (Doc. 16, Ex. G, p. 67).[1] On July 29, 2011, petitioner was charged in Levy County Circuit Court Case No. 2011-CF-522, with burglary of a structure – a storage shed (Count I), grand theft in the third degree – a tractor (Count II), felony criminal mischief (Count III), trespass on land (Count IV), petit theft (Count V), burglary of a structure – a former dairy shed (Count VI), and grand theft in the first degree with property damage – an irrigation pump (Count VII). (Ex. B, pp. 4-6; Ex. G, pp. 34-36). On October 5, 2011, petitioner pleaded no contest to all counts in both cases as charged, with no agreement with the State as to sentence. (Ex. A, pp. 25-29 (plea form in Case No. 2011-CF-378); Ex. B, pp. 10-14 (plea form in Case No. 2011-CF-522); Ex. A, pp. 30-57 (transcript of plea and sentencing hearing)). Petitioner was adjudicated guilty and sentenced to various terms of imprisonment, totaling 15 years. (Ex. A, pp. 41-57 (relevant portion of sentencing transcript); Ex. G, pp. 73-78 (judgment in Case No. 2011-CF-378); Ex. G, pp. 54-64 (judgment in Case No. 2011-CF-522)). The Florida First District Court of Appeal (First DCA) affirmed the judgments on June 4, 2013, per curiam and

---

[1] All references to exhibits are to those provided at Doc. 16.
*Case No. 1:15cv226/WTH/CJK*

*Page 3 of 9*

without a written opinion. *Mills v. State*, 113 So. 3d 839 (Fla. 1st DCA 2013) (Table) (copy at Ex. E).

On September 2, 2014, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. G, pp. 1-21).[2] The state circuit court summarily denied the motion on March 30, 2015, without an evidentiary hearing. (Ex. G, pp. 22-184). The First DCA affirmed, per curiam and without a written opinion. *Mills v. State*, 173 So. 3d 970 (Fla. 1st DCA 2015) (copy at Ex. J). The mandate issued October 7, 2015. (Ex. M).

On June 19, 2015, petitioner filed in the First DCA a counseled habeas corpus petition alleging ineffective assistance of appellate counsel. (Ex. N). The First DCA denied the petition on the merits on July 17, 2015. *Mills v. State*, 168 So. 3d 351 (Fla. 1st DCA 2015) (copy at Ex. P).

Petitioner filed his original federal habeas petition on October 11, 2015 (doc. 1, p. 1), which he later amended (doc. 6). Respondent asserts the petition is untimely. (Doc. 16).

---

[2] Petitioner asserts that his Rule 3.850 motion was filed on June 2, 2014. (Doc. 6, p. 13). Although postconviction counsel's certificate of service states that a copy of the motion was furnished to the Office of the State Attorney by email on June 2, 2014, (Ex. G, p. 21), the motion was not filed with the state court until September 2, 2014. The state circuit court's bates stamp reflects that the motion was electronically filed with the court on September 2, 2014, at 2:48:17 p.m. (Ex. G, p. 1). The state circuit court's order denying petitioner's Rule 3.850 motion states that the motion was filed on September 2, 2014. (Ex. G, p. 22). The state circuit court's docket sheets reflect that the motion was filed on September 2, 2014. (Exs. Q, R).

*Case No. 1:15cv226/WTH/CJK*

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction was affirmed on direct appeal on June 4, 2013. Because his conviction was affirmed without a written opinion, petitioner was precluded from seeking discretionary review in the Florida Supreme Court. *See* FLA. CONST. art. V, § 3(b); *Jollie v. State*, 405 So. 2d 418, 421 (Fla. 1981); *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). Petitioner did not seek certiorari review in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244(d) on September 2, 2013, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that the limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); *see also* SUP. CT. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by

a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . or order sought to be reviewed, and not from the issuance date of the mandate."); *Clay v. United States*, 537 U.S. 522, 525 (2003) (stating that the 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("We now hold . . . that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).").

The limitations period began to run on September 3, 2013, and expired one year later on September 3, 2014, in the absence of tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated

according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run).

Petitioner allowed 364 days of the limitations period to run before filing his Rule 3.850 motion for postconviction relief on September 2, 2014. That motion was pending, and statutorily tolled the limitations period, until October 7, 2015, the date the mandate issued in petitioner's appeal from the order denying relief. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal). Once the mandate issued, petitioner had one day to file his federal habeas petition. Petitioner did not file his petition until October 11, 2015, three days after the limitations period expired. Petitioner does not argue, and there is no basis in the record to find, that petitioner is entitled to equitable tolling or any exception to the limitations bar. Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 6), challenging petitioner's judgments of conviction and sentences in *State of Florida v. Frederick*

*Mills*, Levy County Circuit Court Case Nos. 2011-CF-378 and 2011-CF-522, be DISMISSED WITH PREJUDICE.

    2.  That the clerk be directed to close the file.

    3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of January, 2017.

                        */s/* *Charles J. Kahn, Jr.*
                        **CHARLES J. KAHN, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.